LIMESTONE WATER AND SEWER DISTRICT
*vs.*
LIMESTONE WATER AND SEWER COMPANY

Aroostook.    Opinion, June 27, 1960.

*Bruce S. Billings,* for plaintiff.

*Butler, Merrill & Bilodeau,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

WEBBER, J.   On report.   This was a petition brought by the Limestone Water and Sewer District to take the entire plant, property and franchises of the Limestone Water and Sewer Company for public use.   The petition was brought pursuant to the provisions of the Private and Special Laws of 1957, Chap. 59, Sec. 11 and was addressed to a justice of the Superior Court who reported the case for determination of questions of law.   Chapter 59 is the charter of the newly created district.   The respondent company has made issue of certain alleged irregularities in the formation of the district and asks that the petition be dismissed.   The parties are not in serious disagreement as to the applicable rules of law, but dare not proceed further without resolution of their legal difficulties.   We are furnished with an agreed statement of facts.

Sec. 18 of the charter provided for its submission to the legal voters of the district at an election or elections, the first of which was to be held not later than November 1, 1958.   Such an election would be valid only if at least 20% of the eligible voters of the district participated.

The first attempted election was held on September 9, 1957.   The warrant directed a constable to "notify and warn the inhabitants of the Town of Limestone qualified to vote in town affairs."   As noted above, the charter, however, provides that submission shall be to the "legal voters of the *district*" and further requires the following:

> "The board of registration shall prepare and furnish separate check lists for such of the voters *within said district* as are then legal voters of said town and reside *in said district,* and all notices, warrants or other proceedings shall be varied accordingly so as to show that only such voters as

reside *in said district* as aforesaid are entitled to vote upon the above question." (Emphasis ours.)

Obviously there was no technical compliance with this requirement. The agreed statement shows, however, that the legal voters of the town and the legal voters of the district are the same persons. The district and the town are geographically co-extensive. The identical legal issue here presented was considered and decided in *Norway Water District* v. *Water Company,* 139 Me. 311, wherein the court disposed of this issue at page 322 in these words:

"While it is claimed that the election as notified and held was by voters of the town of Norway, and not voters of the Water District, the fact cannot be gainsaid that the check list as prepared contained only the names of voters of the District, and ballots were cast by none others. This was specifically admitted during the hearing by counsel for the respondents. The objection is purely technical and without merit."

We conclude, therefore, that the election of September 9, 1957 satisfied the charter requirement that the first election must be held not later than November 1, 1958. It did not, however, serve as an effective referendum because the required percentage of qualified voters did not participate.

The second election held on March 10, 1958 produced no effective result and need not be considered here.

The final election was held on April 13, 1959 and for the first time the required percentage of the voters of the District exercised the franchise and a substantial majority voted to accept the charter. In this case also the form of warrant was the same as that issued for the first election. For the reasons already stated, we hold that the legality of the election was not thereby destroyed. The underlying legal philosophy was well and clearly expressed in *East Bay Util. Dist.* v. *Hadsell et al.,* 196 Cal. 725, 239 P. 38, a portion

of the opinion in which is quoted with evident approval in *Norway Water District* v. *Water Company, supra* at page 320.

One final issue remains to be considered. Sec. 8 of the charter provides in part: "All the affairs of said district shall be managed by a board of *trustees* composed of 3 members, who shall be bona fide residents of the town of Limestone, and who shall be elected by written ballot within 60 days after the acceptance of this act by the inhabitants of said district as hereinafter provided * * *." (Emphasis ours.) Pursuant to this requirement a warrant was issued for an election of "three (3) *directors* for the Limestone Water and Sewer District, as provided for in chapter 59, Sec. 8, Laws of Maine, 1957, and under procedure set forth in Chapter 90A, Sec. 37 of Revised Statutes of Maine, 1954." (Emphasis ours.) Were the persons elected "directors" legally elected "trustees" as required by the charter? We answer in the affirmative. While recognizing that circumstances may arise in which the technical distinction between "directors" and "trustees" could be important and even controlling of the result, this is not such a case. Here is involved nothing more than nomenclature. Sec. 8 of the charter, specifically referred to in the warrant, called for the election of "trustees" with no mention of "directors." Could there have existed any doubt that the purpose of the election was to choose the three guiding and managing officers of the district, called "trustees" in the charter and "directors" in the warrant? Could any voter of the district have been under any reasonable misapprehension when he cast his vote? We think not. Here again we are dealing with nothing more serious than a technical inaccuracy without legally fatal consequences. We hold that the persons elected on May 15, 1959 were elected to and now hold the offices of "trustees" within the meaning of Sec. 8 of the charter.

The entry will be

*Motion to dismiss denied.*

*Remanded to the Superior Court for further proceedings on the petition in accordance with this opinion.*